BENJAMIN B. STEVENS *vs.* JOHN DOHERTY.

Cumberland, November, 1875.—March 7, 1876.

*Pleading. Practice.*

Under R. S., c. 82, § 19, allowing a brief statement of special matter of defense to be filed with the general issue, a demurrer to the "plea," *eo nomine*, does not cover the brief statement.

The demurrer should be to the brief statement which is defective and not to the plea which is not defective.

ON EXCEPTIONS from the superior court.

TRESPASS *quare clausum.*

The plea was the general issue with a brief statement.

The plaintiff demurred to the plea, and the defendant joined the demurrer.

The presiding justice ruled the plea good and overruled the demurrer, and the plaintiff excepted.

*E. S. Ridlon*, for the plaintiff, contended that it was no justification in law as claimed in the brief statement that the premises were used for unlawful purposes, or that the acts complained of were done under the direction of the city marshal.

*J. O. Winship*, for the defendant.

APPLETON, C. J. This is an action of trespass *quare clausum.* The defendant pleaded the general issue and filed a brief statement, in which he alleged that the plaintiff was using the premises from which he was ejected for unlawful purposes and in violation of the laws of Maine, and that the acts complained of were done by the direction of the city marshal of the city of Portland.

The plaintiff demurred to the defendant's plea, which the court adjudged good. The general issue duly pleaded could not be adjudged other than a good plea. The demurrer is not to the brief statement. It is not necessary to consider whether that is good or not, as the demurrer does not reach it and no exceptions are taken to its sufficiency. *Exceptions overruled.*

WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.